# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AL GHADEER MEAT MARKET,
INC. & NADIA SAAD,

    Plaintiffs,

                                    Case No. 2:19-cv-12131

vs.

                                    HON. STEPHEN J. MURPHY, III

UNITED STATES OF AMERICA,

    Defendant.
_____

# DISCOVERY MASTER'S REPORT AND RECOMMENDATION
# REGARDING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This case involves Plaintiffs' claim for judicial review of a final agency action of the Food and Nutrition Service ("FNS"), a division of the United States Department of Agriculture ("USDA"), that permanently disqualified Plaintiffs from participating in the Supplemental Nutrition Assistance Program ("SNAP") based on trafficking in food stamps.  The parties have engaged in discovery, Plaintiffs filed a Motion to Compel Discovery (ECF 17), and the Court entered an Order Appointing Discovery Master on February 26, 2021 (ECF 21).  As part of the Stipulated Order resolving Plaintiffs' Motion to Compel Discovery (ECF 23), Defendant agreed to file a Motion for Protective Order, which has been referred to me for a report and recommendation (ECF 23 and 26).

In the Motion for Protective Order (ECF 24), Defendant requests an order preventing disclosure of confidential sources who conducted undercover transactions leading to the disqualification of Plaintiffs from SNAP. Defendant relies upon the informant's privilege, which allows the identity of sources who furnish information about violations of law to be withheld under appropriate circumstances.  Plaintiffs oppose the motion, arguing that the confidential informants should be identified so they can be deposed and provide facts regarding the transactions at issue.  The motion is fully briefed and the parties participated in oral argument via videoconference on April 29, 2021.

1

For the following reasons, I find that Defendant has properly asserted the informant's privilege and Plaintiffs have not satisfied their burden to overcome the privilege. I therefore recommend that Defendant's motion be granted.

## BACKGROUND

FNS has charged Plaintiff Al Ghadeer Meat Market, Inc. ("Al Ghadeer") with trafficking in SNAP benefits. The charge letter sets forth 14 transactions between August 22, 2011 and June 7, 2018 in which employees at Al Ghadeer accepted SNAP benefits in exchange for cash, ineligible nonfood items, or both. (ECF 7-2, PageID.59-62). Plaintiff Nadia Saad ("Saad"), owner of Al Ghadeer, was involved in two of the transactions. The 14 transactions were conducted by undercover confidential sources operating under the supervision of USDA's Office of Inspector General ("OIG"). One OIG confidential source was used for 13 transactions occurring between October 2016 and June 2018. An August 22, 2011 transaction was conducted by the Michigan State Police using its own confidential source, and OIG did not have a Special Agent present. On April 12, 2021, Defendant produced video and audio footage of each transaction other than the August 22, 2011 transaction, for which there is no video or audio footage according to Defendant.[1]

---

[1] Defendant has produced a photograph regarding this transaction to Plaintiffs.

Plaintiffs served discovery requests upon Defendant seeking information relating to the 14 transactions at issue. Plaintiffs found Defendant's discovery responses insufficient and filed a Motion to Compel Discovery (ECF 17) on December 16, 2020, which was referred to me. The parties worked with me in good faith to resolve Plaintiffs' Motion to Compel Discovery, and the resolution was memorialized in a Stipulated Order dated March 24, 2021 (ECF 23). Pursuant to the Stipulated Order, Defendant has produced information and agreed to file this Motion for Protective Order regarding the identity of the confidential sources.

Following Defendant's production of documents and the video and audio footage, it is undisputed that Plaintiffs now have available to them the following sources of information relating to the transactions at issue:

- Charge letter. The charge letter lists the date of each of the 14 transactions, the name of the Al Ghadeer employee involved in each transaction, the dollar amount of the SNAP electronic benefit transfer ("EBT") benefits accepted by Al Ghadeer, and the amount of cash given to the confidential source.

- OIG's Report of Investigation. Defendant produced the OIG's Report of Investigation, which is attached as Exhibit D to Defendant's Reply Brief in Support of its Motion for Protective Order. The Report of Investigation contains the amount of the SNAP transaction, the total transaction amount, descriptions of the items received by the confidential source – both cash and ineligible items – and the name(s) of the Al Ghadeer employee(s) involved in the transactions.

- Video and audio footage. Defendant has produced video and audio footage of 13 of the 14 transactions at issue.

- <u>Al Ghadeer's owner and employees</u>.  Saad was involved in two of the transactions.  Defendant also asserts that all Al Ghadeer employees involved in the transactions at issue remain employed by Al Ghadeer and are available to provide information to Plaintiffs.  Plaintiffs do not dispute this assertion.

- <u>OIG Special Agents</u>.  Defendant represents that the OIG Special Agents who supervised the confidential sources as they conducted the transactions are available for deposition.  Defendant further represents that the OIG Special Agent who prepared the Report of Investigation is available for deposition.  Defendant asserts that the Special Agents could testify about (i) meetings with the confidential source before and after each transaction was completed; (ii) providing the confidential source with an EBT SNAP card for use in the transactions; and (iii) providing a device to record the transactions.  Plaintiffs have not disputed Defendant's assertions, nor have Plaintiffs deposed the Special Agents.

## ANALYSIS

### I. STANDARD FOR PROTECTIVE ORDER BASED ON INFORMANT'S PRIVILEGE

Under Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  (Emphasis added).  Protective orders are governed by Fed. R. Civ. P. 26(c)(1), which provides in part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery; …

4

>(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]

Defendant argues that the informant's privilege entitles it to a protective order. The informant's privilege "is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id*.

The privilege is not absolute. "[I]ts limit is found by balancing 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *Holman v. Cayce*, 873 F.2d 944, 946 (6th Cir. 1989) (quoting *Roviaro*, 353 U.S. at 62). "Whether, in balance, the public policy favoring nondisclosure will be outweighed by a party's interest in obtaining disclosure, will depend upon the particular circumstances of each case." *Id*.

In balancing the competing interests of the parties, it is relevant to consider whether the privilege is asserted in a criminal or civil case. In a criminal case, the Court must consider "the crime charged, the possible defenses, the possible

5

significance of the informer's testimony, and other relevant factors." *Id*. (quoting *Roviaro*, 353 U.S. at 62). "In the context of civil litigation, the emphasis shifts from consideration of whether disclosure is necessary to an accused's defense to whether disclosure is essential to the fair determination of a party's cause. Since the guilt or innocence of a criminal defendant may be viewed as 'qualitatively more significant' than the outcome of civil litigation, that difference in significance is a factor to be considered when the privilege is asserted in a civil proceeding." *Id*. Although there is not necessarily a higher standard of justification required in civil cases, "as a practical matter, consideration of the circumstances involved in civil litigation will usually mean that the privilege is less likely to give way in a civil action." *Id*. at 946-47 (citing 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2019 (1970)).[2]

## II.    ASSERTION OF INFORMANT'S PRIVILEGE

Defendant has submitted a declaration of USDA OIG Inspector General Phyllis K. Fong ("Fong") formally asserting the informant's privilege relating to the identities of the confidential sources who conducted the transactions at Al Ghadeer. Plaintiffs do not contest that Fong's declaration satisfies the procedural requirements for asserting the privilege. *See Huntleigh USA Corp. v. United States*,

---

[2] There is an open criminal investigation concerning SNAP issues relating to Al Ghadeer. Issues relating to the criminal investigation are not part of the Motion for Protective Order.

71 Fed. Cl. 726, 727 (2006) ("[T]he procedural requirements for asserting the privilege are satisfied through the production of a declaration or affidavit by the agency head.").

### III. BURDEN AND BALANCING OF INTERESTS

Plaintiffs have the burden to show that the information sought is "essential to a fair determination" of their case in order to overcome Defendant's assertion of privilege. *Roviaro*, 353 U.S. at 60-61; *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). On this record, Plaintiffs have not satisfied that burden for the following reasons.

#### A. Defendant Has a Strong Interest in Non-Disclosure of Confidential Sources.

Defendant has established that there is a strong public interest in non-disclosure of the identities of confidential sources. Under the Inspector General Act of 1978, 5 U.S.C. app. 3, as amended ("IG Act"), the OIG has a duty and responsibility to conduct investigations to detect and prevent fraud, waste, and abuse in SNAP and other USDA programs and operations. IG Act at §§ 2(1) and 2, and 4(a)(1).

Fong's Declaration supports Defendant's assertion of the informant's privilege. Fong has been the Inspector General for the USDA OIG since 2002. She is responsible for policy decision-making, overall leadership, and general direction and coordination of all OIG audit and investigative activities. She is familiar with

7

the investigative process at the OIG, in which "OIG frequently relies on confidential sources in order to bring an investigation to a successful conclusion." Fong Dec., ¶ 12.

In this matter relating to Plaintiffs, "OIG provided verbal and written assurances to the OIG sources that the agency would strive to protect their identities." *Id.* Based on her experience, Fong states that if the confidential sources are identified, "it is possible that future confidential sources will be less willing to speak with OIG investigators and to provide the investigators with information necessary to conduct investigations." *Id.* She also states that "OIG is concerned that if the identities of the confidential sources are revealed, physical harm or other undesirable consequences may be visited upon the confidential sources or their families." *Id.* Both the act of disclosure and the potential consequences of disclosure "could have a chilling effect on future use of confidential sources" that could "negatively impact OIG's ability to meet its statutory mandate to investigate fraud, waste, and abuse in USDA programs and operations." *Id.*

Plaintiffs have not refuted Fong's declaration. Their arguments that Fong was not specific enough in stating how the investigative operations may be impeded, and that she did not set forth specific facts showing "that the informants and their families would be subjected to physical harm," are unpersuasive. Fong's seven-page declaration explains how OIG's investigative functions could be

8

harmed, including that disclosure could discourage informants from assisting in future cases. The Sixth Circuit has recognized that this is a legitimate governmental interest supporting nondisclosure. *Holman*, 873 F.2d at 946. Further, there is no requirement for Defendant to show any potential for physical harm, or to articulate specific facts supporting such a concern. *Dole v. Loc. 1942, Int'l Bhd. of Elec. Workers, AFL-CIO*, 870 F.2d 368, 372 (7th Cir. 1989) ("When asserting the privilege the government need not make a threshold showing that reprisal or retaliation is likely, because of the significant policy consideration behind the privilege, as well as the difficulty of such proof.").

Accordingly, Defendant has established a strong public interest supporting nondisclosure of the confidential sources.

### B. Plaintiffs Have Not Satisfied Their Burden to Overcome Defendant's Strong Interest in Nondisclosure.

Plaintiffs have not satisfied their burden to overcome Defendant's assertion of privilege. Plaintiffs' argument that disclosure of the identities of the confidential informants is "essential to a fair determination" of this case is supported with only vague assertions. Plaintiffs argue that they need "complete facts surrounding the alleged trafficking" (ECF No. 25, PageID.442); the "informants have firsthand knowledge of the transactions including items they bargained for and discussions regarding their methods of payment" (*id*., PageID.446); and Plaintiffs "currently have no method of developing a complete factual foundation on these handful of

9

transactions" (*id.*, PageID.447). These vague assertions do not identify any specific facts that Plaintiffs would seek to elicit from the confidential sources that cannot be obtained from the alternative information already available to Plaintiffs. Plaintiffs' owner, Saad, and Plaintiffs' current employees have firsthand knowledge of the transactions at issue, but Plaintiffs have made no argument or offer of proof stating what specific facts they would like to obtain from the confidential sources that they cannot obtain from Saad or their current employees. Further, recordings containing video and audio footage for all but one of the transactions have been provided to Plaintiffs, along with a detailed summary of each transaction describing when the transaction occurred, who from Al Ghadeer was involved, the specific dollar amount of each transaction, and which eligible and ineligible items were exchanged. Plaintiffs have not explained why the information already available to them does not sufficiently provide them a basis to defend their conduct in this action challenging the final action of the FNS.

During oral argument, when pressed on the specifics, Plaintiffs' counsel suggested that depositions of the confidential informants could be helpful to identify whether there were any conversations that occurred that were not caught on the video and audio footage, and to ascertain whether the confidential informants had any bias. But Plaintiffs have not offered a declaration of any of their own employees indicating that unrecorded conversations with the confidential

10

informants actually occurred, nor have Plaintiffs availed themselves of their right to depose the OIG Special Agents to ascertain what they know about any such conversations or any biases of the confidential informants. Further, during oral argument, Defendant's counsel argued that without any specifics, Plaintiffs' argument effectively swallows the rule in *Roviaro* and is progeny, which places a clear burden on the party seeking to overcome the assertion of privilege. Defendant's argument is supported by Sixth Circuit precedent. In *United States v. Moore*, 954 F.2d at 381-82, a criminal case, the confidential informant arranged all three of the transactions at issue, but the Sixth Circuit rejected the defendant's vague assertion that the confidential informant's testimony "might assist in his defense," and found that the district court properly refused to compel disclosure of the confidential informant. Similarly, Plaintiffs' vague assertions here, especially in the presence of alternative sources of information, are insufficient to satisfy Plaintiffs' burden.

Defendants' reliance on *United States v. Barnett*, 418 F.2d 309 (6th Cir. 1969), and *United States v. Lloyd*, 400 F.2d 414 (6th Cir. 1968), is misplaced. Both are criminal cases, and the *Lloyd* decision is inapposite because the court did not require disclosure of the informant's identity and simply remanded the matter to the district court. Moreover, although the informants in *Barnett* and *Lloyd* had firsthand knowledge of the events, it is critical that there was no video or audio

11

footage of the transactions at issue available in either case, nor were there other alternative sources of information like those available to Plaintiffs here. Plaintiffs have not explained why the information available to them is incomplete or does not supply them with the information they need to defend their conduct. *See Cullen v. Margiotta*, 811 F.2d 698, 716 (2d Cir. 1987) ("[T]he availability of other means for discovery or investigation, such as depositions or interviews, even if more expensive, weighs against disclosure.").

In sum, given the alternative sources of information available to them, and without any specific argument or offer of proof stating precisely what facts Plaintiffs intend to glean from deposing the confidential informants, there is no basis on this record to conclude that Plaintiffs have satisfied their burden of overcoming Defendant's assertion of privilege. Plaintiffs have not shown that disclosure of the confidential sources is "essential to a fair determination" of this action to challenge the decision of the FNS. As a result, I recommend that the Court grant Defendant's Motion for Protective Order.

## CONCLUSION

For the foregoing reasons, Defendant has properly asserted the informant's privilege and has established a strong public interest in nondisclosure of the confidential sources. Plaintiffs have not satisfied their burden to overcome Defendant's assertion of privilege with a showing that disclosure of the confidential

12

sources is "essential to a fair determination" of this action challenging the decision of the FNS. As a result, I recommend that the Court grant Defendant's Motion for Protective Order.

/s/Thomas M. Schehr
Thomas M. Schehr (P54391)
Dykema Gossett PLLC
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-6659
tschehr@dykema.com

Date: May 7, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2021, the foregoing document was uploaded to the docket using the ECF system, which will send notification of such filing to all ECF participants.

/s/Thomas M. Schehr
Thomas M. Schehr (P54391)
Dykema Gossett PLLC
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-6659
tschehr@dykema.com

Date: May 7, 2021

112004.000023  4847-7444-5544.1